UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAY ATKINS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-03352-TWP-MPB |
| | ) |
| BEHAVIORAL HEALTH SERVICES OF | ) |
| COMMUNITY HOWARD REGIONAL | ) |
| HEALTH, | ) |
| ERIKA C. CORNETT Dr., | ) |
| JHON FRANCIS SHULTZ Dr., | ) |
| | ) |
| Defendants. | ) |

**Entry Granting *In Forma Pauperis* Status, Dismissing Complaint,
And Directing Plaintiff to Show Cause**

**I.  *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted.** Notwithstanding this ruling, the plaintiff still owes the $350.00 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.  Screening**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute directs the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

Plaintiff Jay Atkins, III, brings this civil action against the following defendants: 1) Behavioral Health Services of Community Howard Regional Health; 2) Dr. Erika C. Cornett; and 3) Dr. Jhon Francis Shultz. Mr. Atkins alleges that beginning in 2010 in Kokomo, Indiana, he was misdiagnosed and given a poisonous drug for four years, once a month, for a condition he did not have, schizophrenia. He alleges that the drug required him to be hospitalized and to experience seizures, convulsions, and other side effects. He seeks ten million dollars for pain and suffering.

"Subject matter jurisdiction defines the court's authority to hear a given type of case," *United States v. Morton,* 467 U.S. 822, 828 (1984), and is the first question in every case. *Sherman v. Community Consol. Sch. Dist. 21 of Wheeling Twp.*, 980 F.2d 437, 440 (7th Cir. 1992). "[O]nce the district judge has reason to believe that there is a serious jurisdictional issue, [s]he is obliged to resolve it before proceeding to the merits . . . . " *Crawford v. United States,* 796 F.2d 924, 929 (7th Cir. 1986).

Federal district courts such as this are "courts of limited jurisdiction." *Healy v. Metropolitan Pier & Exposition Auth.*, 804 F.3d 836, 845 (7th Cir. 2015). They have original "federal question" jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They also have "diversity" jurisdiction of all civil actions which meet two requirements: First, there must be "complete diversity" between all named plaintiffs and all named defendants, meaning that "no plaintiff may be a citizen of the same state as any defendant." *Altom Transport, Inc. v. Westchester Fire, Ins. Co.,* 823 F.3d 416, 420 (7th Cir. 2016); *see also* 28 U.S.C. § 1332(a)(1). Second, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

Here, there is no diversity between the parties. In addition, the Court does not discern any federally protected rights that have been allegedly violated by the defendants. It appears that Mr. Atkins is attempting to bring medical malpractice or negligence claims, which are based on state law. The complaint fails to state a claim upon which relief can be granted because the federal court lacks jurisdiction.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint is **dismissed for lack of subject matter jurisdiction.**

### III. Further Proceedings

Mr. Atkins shall have **through January 20, 2017,** in which to either show cause why judgment consistent with this Entry should not issue or to identify a viable claim which was not considered by the Court in this Entry. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for lack of subject matter jurisdiction without further notice.

**IT IS SO ORDERED.**

Date:  12/15/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAY ATKINS, III
601 Southlea
Apt. 1
Indianapolis, IN 46216